STATE of Maine,

v.

Karen O. HERSOM.

Supreme Judicial Court of Maine.

Argued May 5, 1995.

Decided July 24, 1995.

Michael P. Cantara, Dist. Atty., David Gregory (orally), Alfred, for State.

Christopher Roach (orally), Michael E. Phillips, Jr., Student Attys., Mary C. Tousignant, Faculty Supervisor, Cumberland Legal Aid Clinic, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

WATHEN, Chief Justice.

Defendant, Karen O. Hersom, appeals from a judgment entered in the Superior Court (York County, *Brennan, J.*) granting the State's motion to terminate her sentence to the Intensive Supervision Program [1] (ISP) and requiring her to continue serving her sentence in institutional confinement. Defendant argues that the governing statutes provide no basis to justify termination, and that termination violates the doctrine of separation of powers, double jeopardy, and due process. Finding no error, we affirm the judgment.

Defendant entered a plea of guilty in November 1992 to two counts of manslaughter and two counts of aggravated operating under the influence (OUI), and the court accepted her pleas. She petitioned to be considered for the ISP, and the Department of Corrections (the Department) recommended that she be accepted into the program. In February 1993, the court entered judgments, and sentenced defendant on the two manslaughter counts to concurrent sentences of 15 years of imprisonment with all but 5 years suspended to be followed by 6 years of probation. The court ordered that defendant serve the final 18 months of the unsuspended portion on intensive supervision. On the two counts of aggravated OUI, the court sentenced defendant to serve terms of imprison-

1. The intensive supervision program allows courts, under certain circumstances, to sentence convicted criminal defendants to terms of confinement outside an institution under rigorous conditions imposed at the time of sentencing. 17-A M.R.S.A. § 1261, 1263 (Supp.1994).

ment of three years for each count, with all sentences concurrent.

In May 1993, the Department suspended the ISP in York County. Several months later, the Department filed a motion to terminate defendant's sentence to the ISP because the program had been eliminated for budgetary reasons. Defendant objected to the motion as premature, and the court, by agreement of the parties, delayed consideration of the motion until November 1994. After a hearing, the court granted the Department's motion to terminate and found that because the ISP was abolished, defendant must complete the unsuspended portion of her sentence in institutional confinement. Defendant appeals.

*Statutory Arguments*

Defendant argues that Maine's intensive supervision statute provides no basis to justify the court's decision to terminate her sentence to the ISP. We disagree.

▮▮▮ We find authority for the Superior Court's termination of defendant's sentence to the ISP in legislative intent as evidenced by the language of the statute. The intensive supervision program is governed by 17–A M.R.S.A. §§ 1261–1267. (Supp.1994). It provides a sentencing alternative to institutional confinement. 17–A M.R.S.A. § 1261(1). Although a sentence to the ISP is not served in a correctional institution, it is nonetheless a sentence to a term of imprisonment during which the prisoner is in the

official custody of the Department. 17–A M.R.S.A. 1261(3), (4). Section 1262(5) allows the Department to petition the court to be relieved of its obligation under the ISP:

> If, at the time the defendant is scheduled to be released to the [ISP], *the ratio of prisoners to [ISP] officers would exceed 25 to 2, the Department of Corrections shall petition the court to relieve it of its obligation to place the defendant in the [ISP] until it can place the defendant in that program without exceeding the ratio of 25 to 2.* If the court is satisfied that the ratio of 25 to 2 would be exceeded, it shall grant the motion relieving the department of that obligation. The department must place the defendant in the [ISP] as soon as the ratio of 25 to 2 would not be exceeded and the placement shall occur even if the defendant would not then serve the full term of intensive supervision ordered by the court.

(Emphasis added). This section evidences the legislative intent that persons sentenced to ISP be released from institutional confinement and placed in that program only if adequate supervision is available.[2] Adequate supervision obviously was not available for defendant because of the termination of the program. Section 1262(5), together with the clear expressions in the statute that a sentence to the ISP is a term of imprisonment, provide the necessary authority for termination of this provision of defendant's sentence.[3] Although the Legislature could have

---

2. Although there is some appeal to defendant's argument that section 1262(5) addresses the temporary situation in which the ratio of prisoners to officers is insufficient, and requires that a defendant be placed back into the program once the appropriate ratio can be maintained, this section is nonetheless a useful expression of legislative intent that supports termination of a sentence to the ISP when supervision is completely unavailable for budgetary reasons.

3. Our conclusion is also supported by section 1261(3) which states that "[i]n the event that the [ISP] or any essential aspect of the program is determined by the court to be constitutionally flawed, offenders sentenced to the program shall serve the sentences imposed at a state correctional facility determined by [the Department], just as each of them would have been compelled to serve the sentences in the absence of this program."

Similar support is found in section 1262(4):

> During the initial unsuspended term not served on intensive supervision, if the defendant violates the criminal law or is otherwise determined to no longer be suitable for participation in the [ISP] *or the [ISP] is determined to no longer be suitable for the defendant,* [the Department] shall petition the court to require the defendant to serve in institutional confinement the remaining portion of the unsuspended term of imprisonment including that which was to have been served on intensive supervision. During the initial unsuspended term not served on intensive supervision, if the defendant's conduct does not conform to institutional rules, [the Department] may petition the court to require the defendant to serve in institutional confinement the remaining portion of the unsuspended term of imprisonment including that which was to have been served on intensive supervision.

conditioned placement into the ISP with language such as "within the limits of available funding," the fact that it did not do so is not determinative. We agree with the Superior Court that because the ISP was abolished, defendant must complete the unsuspended portion of her sentence in institutional confinement.

### Constitutional Arguments

 Defendant contends that termination of her sentence to the ISP violates the doctrine of separation of powers, double jeopardy, and due process. We disagree. Administrative suspension of the ISP did not usurp legislative power. In fact, the Legislature deappropriated the ISP positions from the Department's budget soon after the Department suspended the program in York County. P.L.1993, ch. 410, § B–1. The Department also did not infringe on the sentencing power of the courts, but rather, it properly addressed its request for termination to the Superior Court.

■ We also find unconvincing defendant's argument that termination of her ISP sentence violated the Double Jeopardy Clause as an unlawful increase in the severity of a valid sentence. Given the statutory framework for ISP, defendant could have no legitimate expectation of finality in being able to serve her sentence under intensive supervision if officers to supervise her were not available. *See United States v. DiFrancesco*, 449 U.S. 117, 137–39, 101 S.Ct. 426, 437–39, 66 L.Ed.2d 328 (1980) (where Congress has specifically provided that the sentence of a dangerous special offender is subject to appeal, there can be no legitimate expectation of finality in the original sentence). Defendant's sentence to the ISP was not an "implied acquittal" of a sentence to a prison facility for those 18 months, *see id.* at 133, 101 S.Ct. at 435, and is not accorded finality for double jeopardy purposes.

■ We further find that termination of defendant's sentence to the ISP did not deprive her of due process of law. While defendant has some liberty interest in place-

ment in the ISP after having been sentenced to that program, and that liberty interest is entitled to some due process protection to ensure that it is not arbitrarily abrogated, *see Vitek v. Jones*, 445 U.S. 480, 488–91, 100 S.Ct. 1254, 1261–63, 63 L.Ed.2d 552 (1980), defendant's right to due process is satisfied by the judicial proceeding initiated by the Department's motion to terminate defendant's sentence to the ISP.

Plaintiff's remaining arguments were not preserved before the Superior Court and are without merit.

The entry is:

Judgment affirmed.

All concurring.

---

17–A M.R.S.A. § 1262(4) (emphasis added). Although we agree with defendant that this is not a case where she is no longer suitable for ISP, as a matter of logic, the ISP is no longer suitable for her once it has been abolished for budgetary reasons.